982 F.2d 530
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Albert J. WATKINS, Plaintiff-Appellant,
v.
UNITED STATES PURCHASING EXCHANGE, Defendant-Appellee.
 No. 92-5176.
 United States Court of Appeals, Tenth Circuit.
 Dec. 10, 1992.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Watkins, a pro se litigant, commenced this civil diversity action seeking $100,000 in damages resulting from his failure to receive fifty bonus items he believed defendant had promised him. Defendant, attaching the necessary evidentiary matters, moved for summary judgment, which was granted. We affirm.
 
 
 3
 Mr. Watkins received a sales promotion from defendant which stated he could receive "from five up to fifty" bonus items if he made a purchase. Mr. Watkins made the purchase and received five bonus items. Mr. Watkins felt he should receive all fifty bonus items. The number of items Mr. Watkins received was pre-selected by Price Waterhouse.
 
 
 4
 Mr. Watkins appeals the summary judgment asserting, inter alia, that: (1) Defendant guaranteed he would receive fifty bonus items; (2) Defendant, in its supporting affidavits, failed to give an address for Price Waterhouse; and (3) "Appellant [Mr. Watkins] is tired of correcting their lies."
 
 
 5
 Our standard of review of a summary judgment is de novo. A reading of the sales brochure reveals that a buyer would receive not less than the minimum (which Mr. Watkins received) "up to fifty." The advertisement further states "only those Certificates with a red star are eligible to receive the maximum." Each sales brochure was pre-coded to receive particular bonus items based upon prior random selection by Price Waterhouse.
 
 
 6
 Applying a liberal reading to Mr. Watkins' claims, it appears he is contending defendant breached its contract to award him fifty bonus items. This is simply not so. Mr. Watkins' sales brochure, which he produced, contains no promises except that he would receive at a minimum five bonus items. Mr. Watkins did receive the minimum five bonus items.
 
 
 7
 Mr. Watkins asserted that because his brochure contained a red star, he was promised fifty items. The brochure states: "Only those certificates with a Red Star are eligible to receive the maximum number of items." It does not state he will receive fifty items, only that he is eligible. The language was clear. Defendant did not breach his contract.
 
 
 8
 Again, applying the principle of liberal construction, if Mr. Watkins' claim is based upon misrepresentation, none exists. All factual representations were fulfilled.
 
 
 9
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3